12-2185-pr
Vasquez v. Klie

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand thirteen.

PRESENT:   GERARD E. LYNCH,
                      RAYMOND J. LOHIER, JR.,
                      SUSAN L. CARNEY,
                                     *Circuit Judges*.

---

JOSE VASQUEZ,

                             *Plaintiff-Appellant*,

            v.                                                                        No. 12-2185

FRED KLIE,

                             *Defendant-Appellee*,[*]

---

---

[*] The Clerk of the Court is directed to amend the official caption in the case to conform to the caption listed above.

**FOR APPELLANT:**          Jose Vasquez, *pro se*, Beaver, WV.

**FOR APPELLEE:**          Joseph A. Pantoja and Benjamin H. Torrance, *on the brief*,
                          Assistant United States Attorneys, *of Counsel*, *for* Preet Bharara,
                          United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jose Vasquez, proceeding pro se, appeals from the district court's grant of summary judgment dismissing his complaint, brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that defendant Fred Klie, a Passaic County detective, used excessive force during an arrest in violation of his Fourth Amendment rights. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment de novo, and summary judgment is appropriate if there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). At this stage, we "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The district court granted summary judgment for defendant on the theory that he was entitled to qualified immunity. In analyzing whether a defendant is entitled to qualified immunity, this Court conducts a two-part inquiry, exercising flexibility in deciding which question to address first. DiStiso v. Cook, 691 F.3d 226, 240 (2d Cir. 2012). We ask whether the plaintiff has adduced facts sufficient to "make out a violation of a constitutional right" and whether "the right at issue was clearly established at the time of defendant's alleged misconduct." Taravella v. Town of Wolcott, 599 F.3d 129, 133 (2d Cir. 2010) (internal quotation marks omitted). Whether a right has been clearly established is judged from the standpoint of a reasonable law-enforcement officer. Id. Even if the law is "clearly established" at the time, qualified immunity is also appropriate "if it was objectively reasonable" for the officer "at the time of the challenged action to believe his acts were lawful." Id. at 134 (internal quotation marks omitted).

The district court did not err in determining that defendant was entitled to summary judgment. Relying on plaintiff's version of the facts and drawing all reasonable inferences therefrom, it was objectively reasonable for defendant Klie to use additional force under the circumstances. At night, in an ongoing potentially violent situation involving an unsecured firearm, where Klie's view of the additional arrestee was obscured, we cannot say the district court erred in concluding that "officers of reasonable competence could disagree" about whether Klie's actions were justified. Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (internal quotation marks omitted).

Because we conclude that the district court did not err in deciding that Klie was entitled to qualified immunity, we need not determine whether Vasquez adduced sufficient facts to make out a constitutional violation.

3

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk